No. 895          December 11, 2024          769

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Rockway Living Trust.

Daniel ROCKWAY,
*Petitioner-Respondent,*

*v.*

Teresa ROCKWAY,
personally and as Trustee of the Rockway Living Trust,
and Catherine Taylor,
aka Catherine Rockway,
personally and as Trustee of the Rockway Living Trust,
*Respondents-Appellants,*

*and*

Dennis ROCKWAY
and Adam M. Taylor,
*Respondents below.*

Clackamas County Circuit Court
19PB03599; A179751

Thomas J. Rastetter, Judge.

Argued and submitted January 3, 2024.

Brooks F. Cooper argued the cause for appellants. Also on the briefs was Matthew Whitman.

Mark Hoyt argued the cause for respondent. On the brief was Donald H. Grim.

Before Shorr, Presiding Judge, Pagán, Judge, and Mooney, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Respondents appeal from a judgment involving their parents' trust, the Rockway Living Trust (the trust), created by Pauline and Ronald Rockway. Petitioner Daniel Rockway, the son of Pauline and Ronald, filed a petition challenging the purported 2018 amendments to his parents' trust on various grounds. The trial court determined that the 2018 amendments were invalid. On appeal, respondents assign error to the trial court's failure to declare that petitioner forfeited his interest in the trust by violating the trust's no-contest clause. We conclude that the trial court did not err, and accordingly, we affirm.

We briefly state the relevant facts necessary for resolution of this appeal. In 1994, Pauline and Ronald Rockway, with the assistance of an attorney, established the trust. The beneficiaries of the trust are the Rockways' four children: Teresa Rockway, Catherine Taylor, Daniel Rockway, and Dennis Rockway. Teresa and Catherine are the respondents in this case. Dennis is a necessary party as a beneficiary, but there are no allegations against him.

In 2008, Pauline and Ronald made an amendment to their trust, the validity of which is not contested, providing that each of their four children would receive a designated parcel of land. At issue in this case are purported amendments to the trust, identified by petitioner's digital forensic expert as having been created in 2018 on Pauline's computer while both Pauline and Ronald were in very poor health. During that time, respondents were providing full-time care for both parents at their home.

After their parents' deaths, respondents claimed to be successor trustees and began administering the trust according to the 2018 amendments. Pursuant to the 2018 amendments, Catherine and her son exercised an option to purchase, for below fair-market value, the five-acre parcel of property that would have gone to petitioner under the 2008 amendment. On April 12, 2019, Teresa, acting as trustee, signed a warranty deed transferring the five-acre parcel to Catherine and her son.

Petitioner's third amended petition challenged the 2018 amendments, making the following claims: (1) breach of trust, (2) forgery, (3) invalid amendments, (4) elder financial abuse, (5) undue influence, and (6) attorney fees. In his undue influence claim, petitioner pleaded "[i]n the alternative" that "if Pauline Rockway *** actually did create the purported Trust provisions in 2018, she did so as result of respondents' undue influence and, as such, those provisions should be declared void." Respondents counterclaimed that petitioner, by bringing the action, triggered the trust's no-contest clause and, as a result, is no longer entitled to any right or interest in the trust property. At trial, there was no dispute that the 2018 amendments were not signed by both Pauline and Ronald, as required for a valid amendment.

The trial court issued a letter opinion, ruling in favor of petitioner on the breach of trust and invalid amendment claims. The court ordered that the "2008 version of the trust is the operative document" because subsequent purported amendments did not have the requisite two signatures. The court further ordered the five-acre parcel to be deeded back to the trust. The court also found for petitioner on respondents' no-contest provision counterclaim, concluding that petitioner "had probable cause to believe that the trust documents sent to him were forgeries." The court also noted that "the 'trust' that [petitioner] challenged was not the true trust at all. The trust that was being administered had multiple invalid provisions, and *** cannot really be said to be 'the trust.'" Regarding the undue influence claim, although the court noted that there was "insufficient evidence of undue influence," the court ultimately determined that the undue influence claim was moot because it had already determined that the post-2008 amendments were invalid.

Although the parties litigated a number of claims and a counterclaim in the trial court, the issue on appeal reduces to something far simpler. On appeal, respondents contend that the trial court erred in deciding the *order* by which it would resolve the claims and counterclaim. That is, respondents argue that the trial court should have decided the undue influence claim first, and after petitioner's failure to prove that claim, should have then determined that

petitioner lost standing to bring his other claims based on the no-contest clause.[1]

We review the trial court's factual findings for "any evidence in the record" and the "court's dispositional conclusions for errors of law." *Williamson v. Zielinski*, 326 Or App 648, 649, 532 P3d 1257 (2023).

We begin with respondents' argument that the trial court was required to rule on the undue influence claim first. Courts often "avoid unnecessarily deciding legal issues that may be presented in a case, if the case can be appropriately resolved on more limited grounds." *City of Damascus v. State of Oregon*, 367 Or 41, 68 n 13, 472 P3d 741 (2020). We do not construe that principle to require the trial court to rule on the undue influence claim first in this case. Nor does respondent cite to any law demonstrating that a trial court must decide claims in a certain order. Moreover, petitioner's petition alleged the undue influence claim "[i]n the alternative," indicating that the trial court might not need to reach that claim after resolving petitioner's other claims. As noted above, the petition alleged that, "if" Pauline Rockway "actually did" amend the trust in 2018, she did so under respondents' undue influence. The trial court's decision to first determine the validity of the 2018 amendments, before reaching the undue influence claim, was not improper or even unusual. *See, e.g.*, *Williams v. Overton*, 76 Or App 424, 430-31, 709 P2d 1115 (1985), *rev den*, 300 Or 563 (1986) (explaining that the trial court properly approached the will contest "in the traditional manner" by first determining that the will had been duly executed and then turning to undue influence). Indeed, if there were no validly executed 2018 trust amendments, there would be no basis for concluding that respondents had unduly influenced the purported execution of nonexistent amendments.

We conclude that the trial court did not err in determining that the 2018 amendments were invalid before turning to the undue influence claim. It follows that the trial

---

[1] It appears that respondents raise another argument in their reply brief that any of petitioner's unsuccessful challenges to the trust other than the forgery claim would trigger the trust's no-contest clause. Our ultimate conclusion that the trial court did not err in first deciding the invalidity of the 2018 amendments obviates the need to further discuss respondents' alternative argument.

court then properly determined that the undue influence claim was moot. Therefore, petitioner's undue influence claim did not trigger the trust's no-contest clause.

Affirmed.